# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDA HERNANDEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>WALMART, INC.,<br><br>                Defendant. | Case No. 2:23-cv-10282-FLA (ADSx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On April 13, 2023, Plaintiff Inda Hernandez ("Plaintiff") filed a complaint in the Los Angeles Superior Court, asserting a state-law claim for premises liability against Defendant Walmart, Inc. ("Defendant"). Dkt. 1, Ex. A ("Compl.").

On December 7, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 3. Defendant relies on Plaintiff's "policy limit demand for settlement" and states that its "insurance coverage limit for Plaintiff's alleged injury well exceeds the jurisdictional amount of $75,000." *Id.*

On December 17, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 9. Only Defendant filed a response. Dkt. 10 ("Resp."). Having reviewed the Notice of Removal and Defendant's response to the OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2)

the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89.  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

Here, in its response, Defendant reiterates that Plaintiff "made a policy limit demand for settlement" and states its insurance coverage limit is $1,000,000.  Resp. at 2.  Defendant fails to explain how a settlement demand for $1,000,000 equates to a finding that $1,000,000 is in controversy.  *Id.*  Defendant cites no case law in support of this contention.  *Id.*; *but cf. Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (a plaintiff's bold optimistic prediction of damages does not establish the amount in controversy).

Defendant, therefore, has failed to meet its burden to establish more than $75,000 is in controversy.  *See Gaus*, 980 F.2d at 566.  Accordingly, there is no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 23STLC02436. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: January 21, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge